IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Santana Taylor, ) | Case No. 9:23-cv-3435-RMG |
| ) | |
| Plaintiff, ) | **ORDER AND OPINION** |
| ) | |
| v. ) | |
| ) | |
| Amanda Leviner, Magistrate Judge, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 6) recommending that the Court dismiss Plaintiff's complaint without prejudice and without service of process. For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses Plaintiff's complaint without prejudice and without issuance and service of process.

## I. Background and Relevant Facts

Plaintiff is a pretrial detainee at the Dorchester County Detention Center proceeding *pro se*. Plaintiff brings claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) against federal officials. Nevertheless, Plaintiff names only a state official as the Defendant. It appears Plaintiff brings claims under 42 U.S.C. § 1983 for violations of his constitutional rights. (Dkt. No. 2 at 15) (noting Plaintiff appears to complain that he wishes to exercise his "First Amendment Right" to petition to be freed from incarceration and have his rights upheld. Plaintiff also appears to raise an issue regarding a warrant and a bond (or lack thereof) as to his criminal charges).

On July 25, 2023, the Court issued a Proper Form Order, (Dkt. No. 4), informing Plaintiff of pleading deficiencies in his complaint and directing Plaintiff provide certain documents to bring his case into proper form order. To date, Plaintiff has not responded to said order.

On August 30, 2023, the Magistrate Judge issued an R&R recommending that the complaint be dismissed without prejudice and without service of process. (Dkt. No. 6). Plaintiff did not file objections to the R&R.[1]

## II. Legal Standards

### a. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in

---

[1] On September 13, 2023, the copy of the R&R mailed to Plaintiff was returned to the Court as undeliverable because Plaintiff was "released." (Dkt. No. 8 at 1). Plaintiff had previously been instructed to "always keep the Clerk of Court advised **in writing** . . . if your address changes for any reason." (Dkt. No. 4 at 5).

-3-

part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff did not file objections to the R&R, the Court reviews the R&R for clear error.

### III.   Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's complaint should be dismissed without prejudice and without service of process as it fails to state a claim for the reasons articulated in the R&R. (Dkt. No. 6 at 3-7) (noting that Judge Leviner is entitled to judicial immunity, that to the extent Plaintiff brings claims based on "sovereign-citizen" theories said claims are frivolous, and that Plaintiff requests no coherent form of relief).

### IV.   Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 6) as the order of Court and **DISMISSES** Plaintiff's complaint **WITHOUT PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Judge

September 14, 2023
Charleston, South Carolina